CIRILA VERDEJO PEÑA, Plaintiff and Appellant, *v.* HENRY G. MOLINA, Defendant and Appellee.

No. 7355.   Argued December 21, 1937.—Decided January 13, 1938.

*Rosendo Cordero Rodríguez* for appellant.   *Santiago de la Fuente* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Cirila Verdejo y Peña filed an action for revendication in which she alleges that she is the owner of a property of 4.25 *cuerdas*, acquired by inheritance from Pedro Arroyo; that the defendant is in possession of this property with the consent, without authority, and against the express will of the plaintiff; that she is the sole and lawful owner of the prop-

erty, as to which she has genuine title. The defendant answered, denying each and every allegation of the complaint.

The case having been set for trial on June 15, 1936, only the defendant appeared, who asked leave of the court to present his evidence so that he might obtain a judgment on the merits of the case. The trial judge, in his statement of the case and opinion, summarizes the documentary evidence offered by the defendant, as follows:

"On June 6, 1899 there was recorded in the Registry of Property of San Juan in favor of Pedro Arroyo Verdejo, a property of 7 *cuerdas;* during that same year, the latter segregated and sold 11,000 square meters, thus leaving a property or lot of 4.25 *cuerdas,* which is the one described in the complaint; in December, 1912, Pedro Arroyo and his wife, Petronila Verdejo, sold the recorded property to Adolfo Arrastia and his wife, Catalina Casenave, who, on May 5, 1913, mortgaged the same to William H. Hylan. In 1915 the District Court of San Juan declared the sale void to Arrastia and his wife, but left subsisting the mortgage constituted by them in favor of Hylan. On June 4, 1915 Arroyo and his wife sold an undivided one-half of the property to Thomas T. Mott, and the latter, in 1915, mortgaged it to José D. Riera. In 1918 Petronila Verdejo and Cirila Verdejo recorded in their favor an undivided one-half interest in the property acquired by testamentary succession from Pedro Arroyo, and in June of that year mortgaged this half to the partnership 'Viejo & Rodríguez' to secure a loan of $2,500. 'Viejo & Rodríguez' assigned the credit to Henry G. Molina on March 24, 1920 for the amount thereof, that is, $2,500, and on April 17, 1920, the marshal of this court awarded the whole of the property to William H. Hylan in civil case number 12,395 for foreclosure of mortgage. On May 10, 1920 Hylan sold the property to Molina, who since that date, as appears from the registry of property, has been in possession of the same, quietly, peacefully, and without interruption.

"From this chronological statement of the different vicissitudes through which the property has passed since the date of its registration, it is evident that whatever right the plaintiff might have had as the heiress of Pedro Arroyo Verdejo to the one-half of the property which the latter retained up to the date of his death, was lost as a consequence of the judicial sale held in the summary foreclosure proceeding brought by William H. Hylan. It is also sig-

nificant that after this mortgage credit was recorded, the plaintiff, together with her co-heiress Catalina Verdejo, secured the sum of $2,500, as security for which they mortgaged to the partnership 'Viejo & Rodríguez', which in turn assigned the credit to Molina. From all this it is apparent that Molina had to acquire all the mortgage credits encumbering the property, so as to protect the sum which he had paid for the 'Viejo & Rodríguez' credit.''

The complaint was dismissed; the plaintiff appealed. In the notice of appeal, she avers that she is not in agreement with the judgment ''because there is evidence which has not been presented, which establishes plaintiff's right to revendication.''

██ Appellant has filed in the office of the Secretary of this Supreme Court, to be made part of the record, a certified copy of a motion which she filed in the District Court of San Juan on November 16, 1936, that is, about 5 months after she had been notified of the judgment and exactly 4 months after the record had been filed in this Supreme Court. In this motion, the appellant prays the court below, in exercise of the discretion conferred by Section 140 of the Code of Civil Procedure, to vacate the judgment entered on June 19, 1936, and to grant a new trial. The grounds for the motion are that the attorney for plaintiff fell sick; that it was during the last days of the month of June that her attorney first became aware of the fact that the trial had been held on the fifteenth of that month; that the setting of the trial behind her back and without the knowledge of the plaintiff or her attorney constitutes a surprise for both of them; that on receiving notice that judgment had been entered, her attorney tried to communicate with the judge who had entered it to advise him of the facts and reasons why he had not appeared at the trial of the case, but that he could not do so since the judge was away; and that in view of those facts, plaintiff had no recourse but to take an appeal from the judgment. It is further alleged in the motion that the judgment is void as having been obtained by surprise, by taking ad-

vantage of the illness of plaintiff's attorney; that neither plaintiff nor her attorney were notified of the setting for trial or of the judgment, either verbally or in writing. From the record before us it does not appear what ruling has been made by the lower court on this motion.

This Supreme Court has in numerous cases held that neither the clerk of the lower court nor the attorney for the opposing party is under a duty to notify the other side of the setting of a case for trial. See: *Gallardo* v. *Crescioni,* 49 P.R.R. 356; *Cubano* v. *Jiménez et al.,* 32 P.R.R. 155; *Santalís* v. *El Zenit,* 28 P.R.R. 649; *Cintrón* v. *El Zenit,* 28 P.R.R. 642.

From the record filed in this court by the appellant herself it appears that the judgment appealed from was notified to the attorney for the plaintiff on June 22, 1935. This attorney denies having received such notification, but admits in his motion that he became aware on one of the last days in that month that a trial had been held and that judgment had been entered against him. Appellant was not diligent, since, although she could have asked for reconsideration of the judgment as soon as she became aware of it, she did not do so until 5 months later.

Section 140 of the Code of Civil Procedure, cited by appellant as ground for her motion, grants to a trial court, in its discretion, the power to suspend the effect of its own judgment. This Supreme Court intervenes solely to correct any abuse of that discretion. This appeal has not been taken for the purpose of correcting an abuse of discretion, since it does not appear in the record that the court below has denied the motion for reconsideration.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.